**CUSTOM PAPER PRODUCTS CO. and Howard F. Hincher, Plaintiffs,**

v.

**ATLANTIC PAPER BOX CO., Defendant.**

**Civ. A. No. 69–1207–C.**

United States District Court, D. Massachusetts.

April 12, 1972.

359 U.S. 230, 79 S.Ct. 802, 3 L.Ed.2d 765 and Allred v. Heaton (Tex.Civ.App. 1960), 336 S.W.2d 251, cert. denied 364

Robert F. O'Connell, Dike, Bronstein, Roberts & Cushman, Boston, Mass., for plaintiffs.

Gerald Altman, Morse, Altman & Oates, Boston, Mass., for defendant.

OPINION

CAFFREY, Chief Judge.

This is a civil action for patent infringement. Jurisdiction of this court is invoked under 28 U.S.C.A. § 1338(a) and § 1400(b). Plaintiff Custom Paper Products Company (Custom) is a corporation organized under the laws of the State of California, and the individual plaintiff, Howard F. Hincher, is a resident of California. Defendant Atlantic Paper Box Company (Atlantic) is a corporation organized under the laws of the Commonwealth of Massachusetts.

Custom is co-owner of United States Patent No. 2,841,056, issued to Lee D. Hincher on July 1, 1958. Howard F. Hincher is a surviving son of Lee D. Hincher and is a co-owner of this patent. The machine covered by the claims of the Hincher patent prepares a strip of cardboard stock for use in forming the sides of heart-shaped candy boxes. The machine provides a flared edge along one edge of such a strip of cardboard. The purpose of the flared edge is to provide a sufficiently wide surface for the application of glue so that the flared edge may be successfully glued on to a flat surface serving either as the top or bottom of a heart-shaped box. This method of construction is less expensive than other means, such as, for

U.S. 517, 81 S.Ct. 293, 5 L.Ed.2d 265 (both involving denial of right of women to attend all-male state-supported college).

instance, using L-shaped supports spaced around the perimeter of the box. For a period of years prior to April 3, 1968, when it purchased patent ownership, Custom was a licensee under the Hincher patent.

The case, by stipulation of counsel, was submitted to the court for resolution on the basis of affidavits and various other documentary exhibits, photographs, depositions, etc. No live testimony was proffered by either side. In addition to the customary denial of validity and infringement found in most patent cases, defendant herein affirmatively alleged the defense of laches and estoppel, on the ground that more than six years prior to the filing of defendant's answer (on January 6, 1970), the then title-holder of the patent, Lee D. Hincher, was aware of sufficient information to put him on notice that defendant's machine might be infringing his patent. The affirmative defense also alleges that discussions were held between Hincher and Atlantic for a time and thereafter discontinued, and that in reliance on the discontinuance of discussion and the absence of any patent litigation, defendant continued for more than six years to use its "secret" machine and to develop its business in products produced by the use of the machine.

Although not material, in view of the ruling that the patent is invalid for lack of invention, I rule that on the record before me the affirmative defense of laches has not been established by the defendant.

With regard to the issue of infringement, I find and rule that if plaintiff's patent is valid the defendant's machine infringes that patent. I so find on the basis of the affidavit of Lester Gidge and on the further basis of Exhibits 3A–3H.

With regard to the issue of validity of the patent, the principal claim in issue is Claim 3, which provides:

"A machine for flaring an edge of a strip of cardboard or other like fibrous stock to give to the edge an expanded width by comparison with the normal thickness of the stock, and which comprises a pair of pressure rollers at least one of which is driven and adapted to have the strip fed along a travel plane there-between, buttress means having a buttress surface arranged to bear against one of the edges of a fed strip and located near one end of said rollers to resist transverse crushing force imposed upon the other edge of such strip, edge-crushing means near the other end of said rollers and presenting a crushing surface placed so as to firmly press against said other edge of the strip at a point opposite said buttress means and spaced from the buttress surface of the latter a distance less than the normal width between said edges of the strip, said crushing surface being substantially longer than the normal thickness of said edge against which it presses and having said length disposed at cross angles to said travel plane of the strip, whereby there is imposed upon said edge of the strip against which the crushing surface presses a crushing force of such intensity and character as will force the latter edge inwardly and cause the marginal fibers composing said edge to be crushed and spread in opposite directions from said travel plane."

The patent as issued contains three claims. During the application stages, twelve claims were filed but nine were eventually rejected. On the question of the presence or absence of invention of this patent, Claim 3 basically provides for a device to crush one edge of a relatively thin strip of cardboard in such a way as to change that one edge from a thin edge to a considerably thicker edge, in order to increase the surface area of this edge to make available a broader or wider edge to which glue may be applied.

Having in mind the affidavit of Israel Polansky as to the circumstances under which non-technical people developed his machine in a relatively short time after a request for equipment of this kind was

brought to their attention by customers in the candy business, and also having in mind that those non-technical people were not aware of the existence of or contents of plaintiff's patents and had never seen a machine made pursuant to plaintiff's patents, I rule that the patent in question is invalid for lack of invention. I find that plaintiff's patent does not disclose a patentable invention because plaintiff has failed to persuade me that the patent is the product of "more ingenuity and skill than that possessed by an ordinary mechanic acquainted with the business." Graham v. John Deere Co., 383 U.S. 1, 86 S.Ct. 684, 15 L.Ed.2d 545 (1966). In so ruling, I have in mind the affidavit of defendant's expert, Edward Goldman, which establishes that all of the claimed elements of plaintiff's patent are disclosed in the prior art.

Accordingly, the complaint is dismissed.